IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KRYSTAL FLORES,<br><br>Defendant. | Case No. 17-cr-00373-CRB-2<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

Defendant Krystal Flores has moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). See generally Mot. (dkt. 68). The Court determines that Ms. Flores has not satisfied the requirements of that statute or the applicable Sentencing Commission policy statement. Ms. Flores's motion for compassionate release is therefore denied. The Court has determined that there is no need for oral argument on this matter and previously vacated the hearing.

18 U.S.C. § 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on her behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[1] 18 U.S.C. § 3582(c)(1)(A).

---

[1] Ms. Flores satisfied the exhaustion requirement by sending a letter to her warden on April 28, 2020. See Mot. at 4. The government does not dispute that Ms. Flores exhausted. See Opp'n (dkt. 77) at 3.

1  "[A]fter considering" the sentencing factors from 18 U.S.C. § 3553(a) "to the extent that they are applicable," a court may grant the motion to reduce the defendant's sentence in one of two circumstances. First, "if it finds that . . . extraordinary and compelling reasons warrant such a reduction." Id. § 3582(c)(1)(A)(i). Second, if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." Id. § 3582(c)(1)(A)(ii).

A reduction in sentence under § 3582(c) must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A); see also Dillon v. United States, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission policy statement applicable to 18 U.S.C. § 3582(c)(2) remains mandatory, even after United States v. Booker, 543 U.S. 220 (2005)). Although the statute does not define the term "extraordinary and compelling reasons," the Sentencing Commission has. The application notes to U.S.S.G. § 1B1.13 enumerate five circumstances that establish "extraordinary and compelling reasons" to reduce a defendant's sentence.

The first two relate to the defendant's medical condition. The "extraordinary and compelling reasons" standard is satisfied if "[t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)." U.S.S.G. § 1B1.13 cmt. n.1(A)(i). It is also satisfied by "a serious physical or medical condition, . . . serious functional or cognitive impairment, or . . . deteriorating physical or mental health because of the aging process . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Id. § 1B1.13 cmt. n.1(A)(ii). The defendant's age qualifies as a third extraordinary and compelling reason if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Id. § 1B1.13 cmt. n.1(B). Family circumstances requiring the defendant to care for minor children or a spouse or registered

partner are a fourth qualifying reason. Id. § 1B1.13 cmt. n.1(C). Fifth, a catch-all provides for relief if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. § 1B1.13 cmt. n.1(D).

Ms. Flores's motion asserts three bases for compassionate release: the First Step Act's expansion of the safety valve provision; her family circumstances; and her own medical conditions. See generally Mot. None satisfy U.S.S.G. § 1B1.13.

Family Circumstances. Ms. Flores argues that "[h]ad she been sentenced in December 2018, rather than May [2018], she would not have been subjected to the 60-month mandatory minimum," and that this change in the First Step Act subsequent to her sentencing constitutes an extraordinary and compelling reason. Id. at 12–13.[2] But the First Step Act still requires that any reduction be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).[3] A change in sentencing law is not one of the enumerated bases in U.S.S.G. § 1B1.13, and this Court is not at liberty to identify its own extraordinary and compelling reasons. The policy statement recognizes a catch-all basis for relief if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 cmt. n.1(D). But the Director of the Bureau of Prisons has made no determination in Ms. Flores's case, and the Court will not usurp the Director of the BOP's role under the guidelines.

---

[2] Ms. Flores seems to have abandoned this argument in her reply brief, arguing that "even if the Court does not deem the relaxed safety valve requirements put in place in the First Step Act an extraordinary and compelling reason for release, the fact that Congress specifically sought to reduce sentencing exposure for defendants like Ms. Flores is a factor the Court should consider in its 3553(a) analysis." Reply (dkt. 78) at 7. The Court does not conduct a section 3553(a) analysis here, however, because it concludes that Ms. Flores has not presented extraordinary and compelling reasons for release.

[3] Nor has Ms. Flores moved for a reduction in her sentence pursuant to 18 U.S.C. § 3582(c)(2). See Mot. at 3 (seeking relief under 18 U.S.C. § 3582(c)(1)(A)). Even if she had, she does not assert that the First Step Act was retroactive. See Mot.; Dillon v. United States, 560 U.S. 817, 826 (2010) ("A court's power under § 3582(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive.").

Family Circumstances. Ms. Flores argues that her family circumstances constitute an extraordinary and compelling reason for her release. Mot at 10–11. She has submitted evidence that her mother suffers from a number of serious medical problems and that Ms. Flores's extended family is straining to provide her mother with necessary care during the pandemic. See, e.g., Flores Decl. (dkt. 81) (letter from defendant's twin sister about mother's condition—providing, for example, "My mother need follow-up care with a neurological surgeon for her aneurysm. I do not know who will take her there or care for her after a surgery."). Nevertheless, Ms. Flores concedes that care for an ailing parent is not one of the family circumstances recognized by the Sentencing Commission. See Mot. at 11 (citing U.S.S.G. § 1B1.13 cmt. n.1(C).[4] She argues again that the Court should nonetheless find her family circumstances extraordinary and compelling. Id. But, as explained above, the Court is limited to the definitions of "extraordinary and compelling" provided by the Sentencing Commission in the application notes to U.S.S.G. § 1B1.13.

Medical Conditions. Ms. Flores argues that her own medical conditions put her at greater risk of becoming severely ill should she contract COVID-19. See Mot. at 7–10. In particular, she points to her hypertension, high cholesterol, sleep apnea, and obesity. Id. at 7. Ms. Flores is 33 years old. See PSR (dkt. 60) ¶ 40. She has "essential (primary) hypertension," which she controls with medication. See Mot. Ex. A at 11, 27; PSR ¶ 52. Hypertension "might" put people at higher risk of complications from COVID-19, but the science is unclear. See CDC, "People With Certain Medical Conditions," available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#serious-heart-conditions (last visited Sept. 17, 2020). There is "only 'mixed evidence' to support" the notion that hypertension

---

[4] In addition, as the government notes, Ms. Flores is not the only possible caregiver for her mother. See Opp'n at 12 ("The defendant's sister has been serving as caregiver for their mother and grandmother since the defendant's incarceration and has been doing so throughout the pandemic. Dkt. 70 ¶ 6."). Nor is it clear that Ms. Flores is the only one who can care for her mother simply because she is the only family member with a driver's license. See id. at 11–12 (citing Dkt. 70 ¶ 9). Her family has apparently been operating without a car for the duration of the pandemic. Id.

1  is a risk factor. See Opp'n Ex. 1 (Order Denying Defendant's Motion for Compassionate Release
2  in United States v. Libric, CR 18-0196 MMC (Sept. 1, 2020)). And "'[n]early half of adults in the
3  United States'" have hypertension. Id. (citing https://www.cdc.gov/bloodpressure/facts.htm). Ms.
4  Flores does not identify any authority recognizing that high cholesterol places individuals at a
5  higher risk. She points to "two small American studies" and a "small Finnish study" that found
6  sleep apnea present to higher degree in some COVID-19 patients, but points to no recognition by
7  the CDC that sleep apnea places individuals at a higher risk. See Mot. at 8–9.

8        The Court is most concerned with Ms. Flores's professed obesity. The Court has
9  recognized in the past that obesity is a risk factor. See, e.g., United States v. Warbritton, No 16-
10 423 (dkt. 93) at 5 n.3 ("CDC has defined obesity as between a BMI of 30 and 40, and stated that
11 'one of the most commonly reported underlying medical conditions for hospitalized COVID-19
12 patients is obesity, which it defined as a BMI between 30 and 40[.]'"). Nonetheless, the evidence
13 suggests that Ms. Flores is not obese. Although she argues in her motion that she "is 5'0" and
14 weighs between 150 and 160 pounds," see Mot at 9 (adding that "on March 25, 2019, she weighed
15 164 pounds"), the PSR lists her height at 5'1",[5] and the declaration her counsel filed with the
16 present motion listed her weight at 150 pounds, see Bischof Decl. (dkt. 69) ¶ 4 ("I communicated
17 with Ms. Flores in early August 2020 and at that time, she weighed approximately 150 pounds.").
18 The Court adopts the 150 pound weight as the more recent number. Using that weight and a
19 height of 5', Ms. Flores's BMI is 29.29; using a height of 5'1", Ms. Flores's BMI is 28.34.
20 Neither qualify as obese. See People With Certain Medical Conditions (listing obesity as "at
21 increased risk" and defining obesity as a BMI or "30 or higher"). Accordingly, Ms. Flores has not
22 demonstrated that she has "a serious physical or medical condition, . . . that substantially
23 diminishes the ability of the defendant to provide self-care within the environment of a
24 correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt.
25 n.1(A)(ii).

26       The Court concludes that neither the First Step Act's expansion of the safety valve

---

[5] Ms. Flores argues that the PSR is "the least recent item of available information," see Reply at 3, though one would think that at age 33, Ms. Flores's height has been constant for quite some time.

5

provision, Ms. Flores's family circumstances, nor Ms. Flores's own medical conditions meet the definition of an extraordinary or compelling reason for release. For the foregoing reasons, Ms. Flores's motion for compassionate release is DENIED.

**IT IS SO ORDERED.**

Dated: September 21, 2020

CHARLES R. BREYER
United States District Judge